UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEVEN KADAR AND<br>MARY KADAR,<br><br>Plaintiff,<br><br>v.<br><br>AROUBA SIDDIQUI, ALEEMUDDIN<br>SIDDIQUI, DAVID J. WHITMAN,<br>UBER TECHNOLOGIES, INC., AND<br>RASIER, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CASE NO.: 19-373-HEA<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>DEFENDANT DAVID J. WHITMAN'S ANSWER TO PLAINTIFFS'<br>COMPLAINT FOR DAMAGES</u>

COMES NOW Defendant, David J. Whitman, and for his Answer to Plaintiffs' Complaint for Damages states as follows:

### PARTIES

1. Defendant admits that at the time of the accident giving rise to this Complaint Plaintiff was in St. Louis County, Missouri, but is without sufficient knowledge or information to form a belief as to the truth of the remaining matters set out in Paragraph 1, and therefore denies same.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 2, and therefore denies same.

3. Defendant admits that Arouba Siddiqui was driving the vehicle that crashed into the vehicle in which Plaintiff Steven Kadar was a passenger, but is without sufficient knowledge or information to form a belief as to the remaining matters set out in Paragraph 3, and therefore denies same.

1

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 4, and therefore denies same.

5. Admit.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 6, and therefore denies same.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 7, and therefore denies same.

## VENUE

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 8, and therefore denies same.

9. Admit.

## FACTS

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 10, and therefore denies same.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 11, and therefore denies same.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 12, and therefore denies same.

13. Defendant admits he was driving the vehicle in which Plaintiff was a passenger, but is without sufficient knowledge or information to form a belief as to the truth of the remaining matters set out in Paragraph 13 and therefore denies same.

14. Defendant admits he began his left turn upon receiving a left turn green arrow signal, and otherwise admits the allegations set out in Paragraph 14.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 15, and therefore denies same.

16. Admit.

17. Admit.

18. Denied.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 19, and therefore denies same.

20. Denied.

21. Denied.

22. Admit.

23. Admit.

24. Admit.

25. Defendant denies he violated any duties owed toward Plaintiff Steven Kadar, but admits the remaining allegations set out in Paragraph 25.

26. Admit.

27. Denied.

28. Denied.

## COUNT I
## NEGLIGENCE – AROUBA SIDDIQUI

29. – 32. The allegations set out in Count I of Plaintiffs' Complaint are not directed to this Defendant and therefore no response by this Defendant is required. Nevertheless, if it is determined that the matters set out in Count I constitute a claim against Defendant David J. Whitman, Defendant denies each and every allegation therein and demands strict proof thereof.

3

## COUNT II
## NEGLIGENCE – DAVID J. WHITMAN

33. Defendant's responses to Paragraphs 1 through 32 are incorporated by reference as though fully set forth herein.

34. Admit.

35. Defendant denies the allegations set out in Paragraph 35, and each and every subparagraph thereof.

36. Denied.

WHEREFORE, having fully answered Count II of Plaintiffs' Complaint, Defendant David J. Whitman respectfully requests the Court to be dismissed, for costs, and for all further appropriate relief.

## COUNT III
## NEGLIGENCE PER SE – AROUBA SIDDIQUI

37. – 42. The allegations set out in Count III of Plaintiffs' Complaint are not directed to this Defendant and therefore no response by this Defendant is required. Nevertheless, if it is determined that the matters set out in Count III constitute a claim against Defendant David J. Whitman, Defendant denies each and every allegation therein and demands strict proof thereof.

## COUNT IV
## NEGLIGENCE PER SE – DAVID J. WHITMAN

43. Defendant's responses to Paragraphs 1 through 42 are incorporated by reference as though fully set forth herein.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

WHEREFORE, having fully answered Count IV of Plaintiffs' Complaint, Defendant David J. Whitman respectfully requests the Court to be dismissed, for costs, and for all further appropriate relief.

## COUNT V
## VICARIOUS LIABILITY – DEFENDANT ALEEMUDDIN SIDDIQUI

48. – 50. The allegations set out in Count V of Plaintiffs' Complaint are not directed to this Defendant and therefore no response by this Defendant is required. Nevertheless, if it is determined that the matters set out in Count V constitute a claim against Defendant David J. Whitman, Defendant denies each and every allegation therein and demands strict proof thereof.

## COUNT VI
## RESPONDEANT SUPERIOR – DEFENDANT UBER TECHNOLOGIES, INC. AND DEFENDANT RASIER, LLC

51. – 53. The allegations set out in Count VI of Plaintiffs' Complaint are not directed to this Defendant and therefore no response by this Defendant is required. Nevertheless, if it is determined that the matters set out in Count VI constitute a claim against Defendant David

J. Whitman, Defendant denies each and every allegation therein and demands strict proof thereof.

## COUNT VII
## LOSS OF CONSORTIUM

54. Defendant's responses to Paragraphs 1 through 53 are incorporated by reference as though fully set forth herein.

55. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 55, and therefore denies same.

56. Denied.

57. Denied.

58. Defendant denies the allegations set out in Paragraph 58, and each and every subparagraph thereof.

WHEREFORE, having fully answered Count VII of Plaintiffs' Complaint for Damages, Defendant David J. Whitman respectfully requests the Court to be dismissed, for costs, and for all further appropriate relief.

## AFFIRMATIVE DEFENSES

1. Further answering, and as a defense, Plaintiff has failed to state a claim against this Defendant upon which relief can be granted.

2. Further answering, and as a defense, Plaintiffs' injuries and damages, if any, are the direct and proximate result of the negligent acts and/or omissions of individuals and/or entities other than this Defendant and over whom this Defendant has no control, including but not limited to Co-Defendant Arouba Siddiqui, and liability should be apportioned accordingly.

3. Further answering, and as a defense, Defendant prays the reduction of any judgment against him in the amount of all payments by joint tortfeasors as provided by RSMo. Section 537.060.

4. Further answering, and as a defense, Defendant reserves the right to request a hearing pursuant to RSMo. Section 490.715.5 to determine the value of any medical services received by Plaintiff allegedly due to the incident described in the pleadings.

5. Further answering, and as a defense, Plaintiff's recovery, if any, should be reduced to the extent Plaintiff has failed to mitigate his damages.

6. Defendant hereby asserts and adopts by reference all other defenses asserted by any other Defendant to this action.

7. Defendant reserves the right to supplement and/or amend these affirmative defenses as information becomes available in the course of discovery.

WHEREFORE, having fully answered Plaintiffs' Complaint for Damages, Defendant David J. Whitman respectfully requests the Court to be dismissed, for costs, and for all further appropriate relief.

Respectfully submitted,

**HENNESSY & ROACH, P.C.**

/s/ *Peter N. Leritz*
Peter N. Leritz, #43345
415 North 10th Street, Suite 200
St. Louis, MO 63101
Phone: (314) 231-0770
Fax: (314) 231-0990
pleritz@hennessyroach.com

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath, states that service of the above was made via the Court's E-filing system this 8th day of April 2019, to:

Jonathan Jackson Pledger
Of Counsel, Waterford Law Group, PLLC
PO Box 1089
Franklin, TN 37065

Amy M. Simpkins
Law Offices of Rouse and Cary
10733 Sunset Office Drive, Suite 410
St. Louis, MO 63127

/s/ *Peter N. Leritz*