UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEVEN KADAR and MARY KADAR, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 4:19-cv-00373 |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| AROUBA SIDDIQUI, et. al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT RASIER, LLC'S ANSWERS AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES

COMES NOW Defendant Rasier, LLC, by and through its attorneys, Goldberg Segalla, LLP, and for its Answer and Affirmative Defenses to Plaintiffs' Complaint for Damages, states as follows:

## INTRODUCTION

As a preface to their Complaint, Plaintiffs provide a narrative that includes legal conclusions and factual statements. Defendant specifically denies that Defendant David J. Whitman was acting in the scope of any business with Defendant Uber Technologies, Inc. As to the remaining factual allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of those remaining allegations, and, therefore, Defendant denies those remaining allegations and demands strict proof thereof.

## PARTIES

1. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

2. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

3. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

4. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

5. Denied. Defendant specifically denies that Defendant David J. Whitman was acting in the scope of his employment with Defendant Uber Technologies, Inc. or Rasier, LLC. As to the remaining allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and, therefore, Defendant denies those remaining allegations and demands strict proof thereof.

6. Admitted in part and denied in part. Defendant admits that Defendant Uber Technologies, Inc. is a company registered to transact business in Missouri with a registered agent of CT Corporation System at 120 S. Central Avenue, Clayton, Missouri 63105. Defendant admits that Defendant Rasier, LLC is a subsidiary of Defendant Uber Technologies, Inc. Defendant denies the remaining allegations.

7. Admitted in part and denied in part. Defendant admits that Defendant Rasier, LLC is a company registered to transact business in Missouri with a registered agent of CT Corporation System at 120 S. Central Avenue, Clayton, Missouri 63105. Defendant admits that

Defendant Rasier, LLC is a subsidiary of Defendant Uber Technologies, Inc. Defendant denies the remaining allegations.

## VENUE

8. The allegations in paragraph 8 of Plaintiffs' Complaint for Damages are legal conclusions to which no response is required. To the extent the allegations in paragraph 8 of Plaintiffs' Complaint for Damages are construed as factual allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

9. The allegations in paragraph 9 of Plaintiffs' Complaint for Damages are legal conclusions to which no response is required. To the extent the allegations in paragraph 9 of Plaintiffs' Complaint for Damages are construed as factual allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

## FACTS

10. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

11. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

12. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

13. Denied. Defendant denies that Plaintiff Kadar got a ride from Defendant Uber Technologies, Inc. or Rasier, LLC. Defendant denies that Defendant Whitman was a driver for Defendant Uber Technologies, Inc. As to the remaining allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and, therefore, Defendant denies those remaining allegations and demands strict proof thereof.

14. Denied. Defendant specifically denies that Defendant Whitman was acting in the scope of his employment with Defendant Uber Technologies, Inc. or Rasier, LLC. As to the remaining allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and, therefore, Defendant denies those remaining allegations and demands strict proof thereof.

15. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

16. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

17. Admitted, upon information and belief.

18. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

19. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

20. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

21. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

22. The allegations in paragraph 22 of Plaintiffs' Complaint for Damages are legal conclusions to which no response is required. To the extent the allegations in paragraph 22 of Plaintiffs' Complaint for Damages are construed as factual allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

23. The allegations in paragraph 23 of Plaintiffs' Complaint for Damages are legal conclusions to which no response is required. To the extent the allegations in paragraph 23 of Plaintiffs' Complaint for Damages are construed as factual allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

24. The allegations in paragraph 24 of Plaintiffs' Complaint for Damages are legal conclusions to which no response is required. To the extent the allegations in paragraph 24 of

Plaintiffs' Complaint for Damages are construed as factual allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

25. The allegations in paragraph 25 of Plaintiffs' Complaint for Damages are legal conclusions to which no response is required. To the extent the allegations in paragraph 25 of Plaintiffs' Complaint for Damages are construed as factual allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

26. The allegations in paragraph 26 of Plaintiffs' Complaint for Damages are legal conclusions to which no response is required. To the extent the allegations in paragraph 26 of Plaintiffs' Complaint for Damages are construed as factual allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

27. The allegations in paragraph 27 of Plaintiffs' Complaint for Damages are legal conclusions to which no response is required. To the extent the allegations in paragraph 27 of Plaintiffs' Complaint for Damages are construed as factual allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

28. The allegations in paragraph 28 of Plaintiffs' Complaint for Damages are legal conclusions to which no response is required. To the extent the allegations in paragraph 28 of Plaintiffs' Complaint for Damages are construed as factual allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

## COUNTS I THROUGH V

Counts I through V of Plaintiffs' Complaint are not directed at Defendant Rasier, LLC, so no response is necessary. To the extent any factual allegations contained in those Counts could be construed against Defendant Rasier, LLC, those factual allegations are denied.

## COUNT VI

51. Defendant incorporates herein by reference the responses contained in Paragraphs 1-50 of this Answer.

52. Denied. The allegations in paragraph 52 of Plaintiffs' Complaint for Damages are legal conclusions as to agency and employment to which no response is required. To the extent the allegations in paragraph 52 of Plaintiffs' Complaint for Damages are construed as factual allegations, Defendant denies those allegations and demands strict proof thereof.

53. Denied. The allegations in paragraph 53 of Plaintiffs' Complaint for Damages are legal conclusions as to agency and employment to which no response is required. To the extent the allegations in paragraph 53 of Plaintiffs' Complaint for Damages are construed as factual allegations, Defendant denies those allegations and demands strict proof thereof.

## COUNT VII

54. Defendant incorporates herein by reference the responses contained in Paragraphs 1-53 of this Answer.

55. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

56. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of Plaintiffs' Complaint for Damages, and, therefore, Defendant denies those allegations and demands strict proof thereof.

WHEREFORE, Defendant Rasier, LLC, having fully answered Plaintiffs' Complaint for Damages, requests that the Court dismiss Plaintiffs' Complaint for Damages with prejudice, assess costs against Plaintiffs, and grant such other relief as this Court deems just and proper.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant Rasier, LLC sets forth the following affirmative defenses to the claims made in Plaintiffs' Complaint for Damages. In doing so, Defendant does not assume the burden of proof with respect to any of the affirmative defenses where the substantive law provides otherwise.

1. Plaintiffs' Complaint for Damages fails to state a claim upon which relief may be granted.

2. Defendant Siddiqui's negligence and/or comparative fault caused and/or contributed to any injuries Plaintiffs allegedly suffered, in whole or part, by, among other things, failing to yield, failing to keep a proper lookout and failing to act with due care.

3. Plaintiffs' claims against Defendant Rasier, LLC are barred, in whole or in part,

by the contributory and comparative fault of Defendant Siddiqui in that Defendant Siddiqui, among other things, failed to yield, failed to keep a proper lookout and failed to act with due care.

4. Defendant states that its liability, if any, to Plaintiffs or any other party, person or entity, whether such liability be imposed by way of contract or otherwise, for any damages arising as a result of the occurrence identified in Plaintiffs' Complaint for Damages, be limited in accordance with Missouri law, including but not limited to Mo. Rev. Stat. §537.067.

5. Defendant states that it intend to rely upon the provisions of Mo. Rev. Stat. §490.715, limiting the economic damages for medical expenses to the amounts actually paid to healthcare providers.

6. Plaintiffs' claims are barred by the applicable statutes of limitation or repose.

7. Plaintiffs' claims are barred by reason of laches, waiver, estoppel, unclean hands, unjust enrichment, and/or any other equitable defense.

8. Defendant denies that any damages, injuries, or losses of any kind or character, or of any sum or amount, have been suffered by Plaintiffs by reason of any acts, omissions, carelessness, negligence, or intentional conduct on the part of Defendant Rasier, LLC or on the part of any of Defendant Rasier, LLC's agents, servants, employees, or any other person or persons acting or purporting to act on behalf of Defendant Rasier, LLC.

9. Plaintiffs have failed to mitigate their damages.

10. Plaintiffs are estopped from bringing this suit by their own actions or inactions, including but not limited to, Plaintiffs' failure to bring claims at their first opportunity.

11. If another defendant or another party makes a settlement with Plaintiffs, or if Plaintiffs receive anything of value from any party, individual or entity, the amount of such

payment or consideration should be treated as a payment in full satisfaction of the damages of Plaintiffs, or in the alternative, the amount of such payment or consideration should be a set off against any judgment that may be entered herein.

12. If any portion of Plaintiffs' alleged damages are divisible, Defendant asserts that such alleged damages may be subject to the doctrines of apportionment and/or alternate proximate cause.

13. Some or all of the damages claimed by Plaintiffs are limited or are not recoverable under the applicable law. Further, in the event damages are to be awarded to Plaintiffs, such damages should be reduced or offset by various benefits received under applicable law.

14. Plaintiffs' damages were caused and brought about by an intervening and superseding cause and were not caused by Defendant Rasier, LLC or by a person or entity for whom Defendant Rasier, LLC is responsible.

15. The Complaint, and each cause of action therein, may be barred, in whole or part, under the independent contractor defense because Defendant Whitman was an independent contractor responsible for his own means and methods, thereby making the doctrines of *respondeat superior* and agency inapplicable.

16. At no time or place set forth in the Complaint did any other defendant or third person alleged to be at fault operate as the agent or employee of Defendant Rasier, LLC, such that Defendant Rasier, LLC can be held vicariously liable for their acts. Should any other defendant or third party be deemed to have any affiliation with this Defendant Rasier, LLC, then such other defendant or third party was independently responsible for their own means and methods. Accordingly, the doctrines of *respondeat superior* and agency are inapplicable and

Defendant Rasier, LLC has no vicarious liability for acts or omissions by said other defendants or third parties.

17. Defendant is informed and believes, and thereon alleges, that Defendant Whitman is contractually obligated to defend, indemnify and hold Defendant Rasier, LLC harmless for all claims asserted by Plaintiffs.

18. To the extent that they are not inconsistent with the position of Defendant Rasier, LLC, Defendant Rasier, LLC adopts and incorporates the affirmative defenses asserted by all other Defendants as if set forth fully herein.

19. Defendant denies each and every allegation of Plaintiffs' Complaint for Damages not heretofore responded to.

20. Defendant incorporates each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. Defendant specifically reserves the right to amend its Answer to include additional affirmative defenses at a later time.

WHEREFORE, Defendant Rasier, LLC, having fully answered Plaintiffs' Complaint for Damages, requests that the Court dismiss Plaintiffs' Complaint for Damages with prejudice, assess costs against Plaintiffs, and grant such other relief as this Court deems just and proper.

22666870.v1
22721973.v1

Respectfully submitted,

GOLDBERG SEGALLA, LLP

By: /s/ Phil Sholtz
John M. Allen, #49642
jallen@goldbergsegalla.com
Phil Sholtz, #57375
psholtz@goldbergsegalla.com
8000 Maryland Suite 640
St. Louis, Missouri 63105
Telephone: (314) 446-3350
Facsimile: (314) 446-3360

*Attorneys for Defendant Rasier, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served through the Missouri eFiling system and/or by facsimile, hand delivery, electronic mail or U.S. Mail, postage prepaid, this 15th day of April 2019, to all counsel of record.

/s/ Phil Sholtz