UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN KADAR and MARY KADAR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 4:19CV373 HEA |
| | ) | |
| AROUBA SIDDIQUI, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Aleemuddin Siddiqui's Motion to Dismiss Count V, [Doc. No. 9]. Plaintiffs have failed to respond to the motion within the prescribed time period. For the reasons set forth below, the Motion is granted.

### **Facts and Background**

The Complaint in this action alleges that while Plaintiff Steven Kadar was a passenger in an automobile driven by Defendant Whitman within the scope of his employment with Defendant Uber Technologies, Inc. and/or Defendant Raiser, LLC, a collision with the vehicle owned by Defendant Aleemuddin Siddiqui and driven by Defendant Arouba Siddiqui, occurred. Plaintiffs' Complaint is set out in seven counts: Count I: Negligence against Arouba Siddiqui; Count II: Negligence against David J. Whitman; Count III: Negligence *Per Se* against Arouba Siddiqui;

1

Count IV: Negligence *Per Se* against David J. Whitman; Vicarious Liability against Aleemuddin Siddiqui; Count VI: Respondeat Superior against Defendant Uber Technologies, Inc. and Defendant Raisier; Count VII: Loss of Consortium claim of Plaintiff Mary Kadar, Steven Kadar's spouse.

Defendant Aleemuddin Siddiqui moves to dismiss Count V for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Standard of Review**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at

555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quoted case omitted). This standard "simply calls for enough facts to raise reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556. The plausibility of the plaintiff's claim is reviewed "as a whole, not plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable" *id.*, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56. The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678-79. Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. *Id.* at 679.

## Discussion

Defendant Aleemuddin Siddiqui moves to dismiss Count V because he

claims it fails to sufficiently set forth a cause of action for vicarious liability. Although Count V incorporates the factual allegations of the Complaint, the only allegations regarding Aleemuddin are that he owned the vehicle driven by his daughter, Arouba and that he is "vicariously liable for the injuries to Mr. Kadar resulting from Defendant Arouba Siddiqui's negligence and negligence per se."

Ordinarily a parent will not be held liable for torts committed by the parent's child. *Stonger ex rel. Stonger v. Riggs,* 21 S.W.3d 18, 21 (Mo.App. W.D.2000); *National Dairy Products Corp. v. Freschi,* 393 S.W.2d 48, 53 (Mo.App.1965). A parent can however be held liable for the child's actions where the relationship of master and servant exists and the child is acting within the scope of his authority accorded by the parent; the parent is negligent in entrusting the child with an instrument which, because of its nature, use and purpose, is so dangerous as to constitute, in the hands of the child, an unreasonable risk to others; the parent is negligent in entrusting the child with an instrumentality which, though not necessarily a dangerous thing of itself, is likely to be put to a dangerous use because of the known propensities of the child; the parent's negligence consists entirely of his failure to reasonably restrain the child from vicious conduct imperiling others when the parent has knowledge of the child's propensity toward such conduct; and the parent participates in the child's tortious act by consenting to it or by ratifying it later and accepting the consequences. *Stonger,* 21 S.W.3d at 21;

4

*National Dairy,* 393 S.W.2d at 54.

Plaintiff attempts to apply the exception to the general rule against parental liability for torts committed by the parent's child of the master-servant relationship exception. A finding of vicarious liability based on *respondeat superior* requires some evidence that a master-servant relationship existed between the parties. *Wilson v. St. Louis Area Council, Boy Scouts of America,* 845 S.W.2d 568, 570–71 (Mo.App. E.D.1992).

> "*Respondeat superior* is inapplicable unless a master-servant relationship exists." *Kaplan v. U.S. Bank, N.A.,* 166 S.W.3d 60, 66 (Mo.App. E.D.2003). If the doctrine of *respondeat superior* applies, then the master is liable for damages resulting from the servant's negligent acts committed within the scope of employment. *Kaplan,* 166 S.W.3d at 66. "A master-servant relationship exists when 'the person sought to be charged as master had the right or power to control and direct the physical conduct of the other while working.'" *Id., quoting Hougland v. Pulitzer Publishing Co., Inc.,* 939 S.W.2d 31, 33 (Mo.App. E.D.1997). The relationship of servant and master begins only when the person charged as master has the right to direct the method by which the master's service is performed. *Wilson,* 845 S.W.2d at 570. "Whether a party is liable under the doctrine of *respondeat superior* depends on the facts and circumstances in evidence in each particular case and no single test is conclusive of the issue of the party's interest in the activity and his right of control." *Id.* at 570–71, *citing Sharp v. W. & W. Trucking Co.,* 421 S.W.2d 213, 220 (Mo. banc 1967).

*Meier v. Schrock*, 405 S.W.3d 31, 37–38 (Mo. Ct. App. 2013).

Count V fails to set out the necessary elements to state a claim for vicarious liability. Merely stating Aleemuddin is vicariously liable is not enough under *Twombly* and *Iqbal*. There are no allegations of any master/servant relationship between Arouba and Aleemuddin nor that Aleemuddin had any type of control or

5

direction over the actions of Arouba on the day of the incident.

## Conclusion

Defendant Aleemuddin Siddiqui's motion to dismiss is well taken. Count V fails to state a claim for relief and will also be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Aleemuddin Siddiqui's Motion to Dismiss Count V [Doc. No. 9] is **GRANTED**.

Dated this 20th day of August, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE