UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| STEVEN KADAR AND MARY KADAR, | ) ) ) | |
| Plaintiffs, | ) ) | Cause No. 19-373-HEA |
| v. | ) ) | |
| AROUBA SIDDIQUI and DAVID J. WHITMAN, | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT AROUBA SIDDIQUI'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Defendant Arouba Siddiqui, by and through his counsel, the Law Offices of Rouse & Cary, for her Answer to Plaintiff's Second Amended Complaint, states as follows:

## PARTIES

1.     Defendant admits the allegations set forth in Paragraph 1 of the Second Amended Complaint.

2.     Defendant admits the allegations set forth in Paragraph 2 of the Second Amended Complaint.

3.     Defendant admits the allegations set forth in Paragraph 3 of the Second Amended Complaint.

4.     Defendant admits the allegations set forth in Paragraph 4 of the Second Amended Complaint.

5.     Defendant admits the allegations set forth in Paragraph 5 of the Second Amended Complaint.

6.     Defendant admits the allegations set forth in Paragraph 6 of the Second Amended Complaint.

7.     Defendant admits the allegations set forth in Paragraph 7 of the Second Amended Complaint.

8.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set forth in Paragraph 8 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.


## **VENUE**

9.     Defendant denies each and every allegation set forth in Paragraph 9 of the Second Amended Complaint.

10.     Defendant admits the allegations set forth in Paragraph 10 of the Second Amended Complaint.


## **FACTS**

11.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set forth in Paragraph 11 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

12.     Defendant admits the allegations set forth in Paragraph 12 of the Second Amended Complaint.

13.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set forth in Paragraph 13 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

14.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set forth in Paragraph 14 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

15.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set forth in Paragraph 15 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

16.     Defendant denies each and every allegation set forth in Paragraph 16 of the Second Amended Complaint.

17.     Defendant denies each and every allegation set forth in Paragraph 17 of the Second Amended Complaint.

18.     Defendant denies each and every allegation set forth in Paragraph 18 of the Second Amended Complaint.

19.     Defendant denies each and every allegation set forth in Paragraph 19 of the Second Amended Complaint.

20.     Defendant denies each and every allegation set forth in Paragraph 20 of the Second Amended Complaint.

21.     Defendant denies each and every allegation set forth in Paragraph 21 of the Second Amended Complaint.

22.     Defendant denies each and every allegation set forth in Paragraph 22 of the Second Amended Complaint.

23.     Defendant admits the allegations set forth in Paragraph 23 of the Second Amended Complaint.

24.     Defendant admits the allegations set forth in Paragraph 23 of the Second Amended Complaint.

25.    Defendant admits the allegations set forth in Paragraph 23 of the Second Amended Complaint.

26.    Defendant denies each and every allegation set forth in Paragraph 26 of the Second Amended Complaint.

27.    Defendant denies each and every allegation set forth in Paragraph 27 of the Second Amended Complaint.

28.    Defendant denies each and every allegation set forth in Paragraph 28 of the Second Amended Complaint.

29.    Defendant denies each and every allegation set forth in Paragraph 29 of the Second Amended Complaint.

## COUNT II

The allegations in this Count are not directed to this defendant.  In so much as any allegations contained herein is construed to be directed to this Defendant, she denies same.

## COUNT III

38.    Defendant repeats and re-alleges her responses to paragraph 1 - 37  of the Second Amended Complaint as if fully set forth herein.

39.    Defendant denies each and every allegation set forth in Count III Paragraph 39 of the Second Amended Complaint.

40.    Defendant denies each and every allegation set forth in Count III Paragraph 39 of the Second Amended Complaint.

41.    Defendant denies each and every allegation set forth in Count III Paragraph 39 of the Second Amended Complaint.

42.     Defendant denies each and every allegation set forth in Count III Paragraph 39 of the Second Amended Complaint.

43.     Defendant denies each and every allegation set forth in Count III Paragraph 39 of the Second Amended Complaint.


## COUNT IV

The allegations in this Count are not directed to this defendant.  In so much as any allegations contained herein is construed to be directed to this Defendant, she denies same.


## COUNT V

The allegations in this Count are not directed to this defendant.  In so much as any allegations contained herein is construed to be directed to this Defendant, she denies same.


## COUNT VI

The allegations in this Count are not directed to this defendant.  In so much as any allegations contained herein is construed to be directed to this Defendant, she denies same.


## COUNT VII

Defendant repeats and re-alleges her responses to paragraph 1 through 54 as if fully set forth herein.

56.     Defendant admits the allegations set forth in Count VII Paragraph 56 of the Second Amended Complaint.

57.     Defendant denies each and every allegation set forth in Count VII Paragraph 57 of the Second Amended Complaint.

.

## COUNT VIII

The allegations in this Count are not directed to this defendant.  In so much as any allegations contained herein is construed to be directed to this Defendant, she denies same.

## DAMAGES

68.     Defendant denies each and every allegation set forth in Paragraph 68 of the Second Amended Complaint.

69.     Defendant denies each and every allegation set forth in Paragraph 69 of the Second Amended Complaint.

.

## AFFIRMATIVE DEFENSES

1.      In further answer and in affirmative defense, Defendant states that Plaintiff fails to state a cause of action upon which relief can be granted.

2.      In further answer and in affirmative defense, Defendant states that whatever injuries and damages Plaintiff alleges to have sustained were the direct and proximate result of the negligence of Co-Defendant David Whitman in failing to obey the traffic signal and requests that the jury be instructed to allocate fault

3.      In further answer and in affirmative defense, Defendant reserves the right to supplement or amend her affirmative and other defenses and/or to add additional affirmative defenses as discovery progresses and/or to conform to the evidence.

4.      In further answer and in affirmative defense, Defendant reserves the right to request a hearing pursuant to RSMo. Section 490.715.5, to determine the value of any medical services received by plaintiff allegedly due to the incident mentioned in the pleadings.

5.      In further answer and in affirmative defense, Defendant states that plaintiff has failed to mitigate the damages he claims as a result of the accident that gives rise to this lawsuit.

WHEREFORE, having fully answered the Complaint, Defendant Arouba Siddiqui prays to be hence dismissed with their proper costs.


LAW OFFICES OF ROUSE AND CARY


BY: _____
AMY M. SIMKINS #47783
Attorneys for Defendant
10733 Sunset Office Drive, Suite 410
St. Louis, Missouri 63127
Direct Dial:  (314) 288-2650
Telefax:  (603) 334-7449
amy.simkins@libertymutual.com


CERTIFICATE OF SERVICE

Signature above is also certification that a true and correct copy of the foregoing document has been mailed, first class, postage prepaid, this 31st day of August,  2020 to: Jonathan Jackson Pledger, Waterford Law Group at jjpledger@comcast.net and Peter Leritz at pleritz@hennessyroach.com.