# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEVEN KADAR AND MARY KADAR, | )<br>)<br>) CASE NO. 19-373-HEA |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| AROUBA SIDDIQUI, DAVID J. WHITMAN, and UNITED SERVICES AUTOMOBILE ASSOCIATION (USAA), | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## DEFENDANT DAVID J. WHITMAN'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES

COMES NOW Defendant, David J. Whitman, and for his Answer to Plaintiffs' Second Amended Complaint for Damages states as follows:

### PARTIES

1. Defendant admits that at the time of the accident giving rise to this Second Amended Complaint Plaintiff was in St. Louis County, Missouri, but is without sufficient knowledge or information to form a belief as to the truth of the remaining matters set out in Paragraph 1, and therefore denies same.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 2, and therefore denies same.

3. Defendant admits that Arouba Siddiqui was driving the vehicle that crashed into the vehicle in which Plaintiff Steven Kadar was a passenger, but is without sufficient knowledge or information to form a belief as to the remaining matters set out in Paragraph 3, and therefore denies same.

1

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

## VENUE

9. Admit.

10. Admit.

## FACTS

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 11, and therefore denies same.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 12, and therefore denies same.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 13, and therefore denies same.

14. Defendant admits he was driving the vehicle in which Plaintiff was a passenger but is without sufficient knowledge or information to form a belief as to the truth of the remaining matters set out in Paragraph 14, and therefore denies same.

15. Defendant admits he began his left turn upon receiving a left turn green arrow signal, and otherwise admits the allegations set out in Paragraph 15.

16. Admit.

17. Admit.

18. Admit.

19. Denied.

20. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 20, and therefore denies same.

21. Denied.

22. Denied.

23. Admit.

24. Admit.

25. Admit.

26. Defendant denies he violated any duties owed toward Plaintiff, Steven Kadar, but admits the remaining allegations set out in Paragraph 26.

27. Admit.

28. Denied.

29. Denied.

## COUNT I
## NEGLIGENCE – AROUBA SIDDIQUI

30. Defendant's responses to Paragraphs 1-29 are incorporated by reference as though fully set forth herein.

31. Admit.

32. Defendant admits the allegations set out in Paragraph 32 of Plaintiff's Second Amended Complaint, and each and every subparagraph thereof.

33. Admit.

## COUNT II
## NEGLIGENCE – DAVID J. WHITMAN

34. Defendant's responses to Paragraphs 1 through 33 are incorporated by reference as though fully set forth herein.

35. Admit.

36. Defendant denies the allegations set out in Paragraph 36, and each and every subparagraph thereof.

37. Denied.

WHEREFORE, having fully answered Count II of Plaintiffs' Second Amended Complaint, Defendant David J. Whitman respectfully requests the Court to be dismissed, for costs, and for all further appropriate relief.

## COUNT III
## NEGLIGENCE PER SE – AROUBA SIDDIQUI

38. Defendant's responses to Paragraphs 1-37 are incorporated by reference as though fully set forth herein.

39. Admit.

40. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 40, and therefore denies same.

41. Admit.

42. Admit.

43. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 43, and therefore denies same.

## COUNT IV
## NEGLIGENCE PER SE – DAVID J. WHITMAN

44. Defendant's responses to Paragraphs 1 through 43 are incorporated by reference as though fully set forth herein.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

WHEREFORE, having fully answered Count IV of Plaintiffs' Second Amended Complaint, Defendant David J. Whitman respectfully requests the Court to be dismissed, for costs, and for all further appropriate relief.

## COUNT V
## VICARIOUS LIABILITY – DEFENDANT ALEEMUDDIN SIDDIQUI

49. – 51. The allegations set out in Count V of Plaintiffs' Second Amended Complaint are not directed to this Defendant and therefore no response by this Defendant is required. Nevertheless, if it is determined that the matters set out in Count V constitute a claim against Defendant David J. Whitman, Defendant denies each and every allegation therein and demands strict proof thereof.

## COUNT VI
## RESPONDEANT SUPERIOR – DEFENDANT UBER TECHNOLOGIES, INC. AND DEFENDANT RASIER, LLC

52. – 54. The allegations set out in Count VI of Plaintiffs' Second Amended Complaint are not directed to this Defendant and therefore no response by this Defendant is required. Nevertheless, if it is determined that the matters set out in Count VI constitute a claim against Defendant David J. Whitman, Defendant denies each and every allegation therein and demands strict proof thereof.

## COUNT VII
## LOSS OF CONSORTIUM

55. Defendant's responses to Paragraphs 1 through 54 are incorporated by reference as though fully set forth herein.

56. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set out in Paragraph 56, and therefore denies same.

57. Denied.

WHEREFORE, having fully answered Count VII of Plaintiffs' Second Amended Complaint for Damages, Defendant David J. Whitman respectfully requests the Court to be dismissed, for costs, and for all further appropriate relief.

## COUNT VIII
## BREACH OF UNINSURED MOTORIST INSURANCE CONTRACT

58. – 67. The allegations set out in Count VIII of Plaintiffs' Second Amended Complaint are not directed to this Defendant and therefore no response by this Defendant is required. Nevertheless, if it is determined that the matters set out in Count VIII constitute a claim against Defendant David J. Whitman, Defendant denies each and every allegation therein and demands strict proof thereof.

68. Denied.

69. Defendant denies the allegations set out in Paragraph 69, and each and every said paragraph thereof.

## AFFIRMATIVE DEFENSES

1. Further answering, and as a defense, Plaintiff has failed to state a claim against this Defendant upon which relief can be granted.

2. Further answering, and as a defense, Defendant is entitled to judgement on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

3. Further answering, and as a defense, Plaintiffs' injuries and damages, if any, are the direct and proximate result of the negligent acts and/or omissions of individuals and/or entities other than this Defendant and over whom this Defendant has no control, including but not limited to Co-Defendant Arouba Siddiqui, and liability should be apportioned accordingly.

4. Further answering, and as a defense, Defendant prays a reduction of any judgment against him in the amount of all payments by joint tortfeasors as provided by RSMo. Section 537.060.

5. Further answering, and as a defense, Defendant reserves the right to request a hearing pursuant to RSMo. Section 490.715.5 to determine the value of any medical services received by Plaintiff allegedly due to the incident described in the pleadings.

6. Further answering, and as a defense, Plaintiff's recovery, if any, should be reduced to the extent Plaintiff has failed to mitigate his damages.

7. Defendant hereby asserts and adopts by reference all other defenses asserted by any other Defendant to this action.

8. Defendant reserves the right to supplement and/or amended these affirmative defenses as information becomes available in the course of discovery.

WHEREFORE, having fully answered Plaintiffs' Second Amended Complaint for Damages, Defendant David J. Whitman respectfully requests the Court to be dismissed, for costs, and for all further appropriate relief.

Respectfully submitted,

**HENNESSY & ROACH, P.C.**

*/s/ Peter N. Leritz*
Peter N. Leritz, #43345
415 North 10th Street, Suite 200
St. Louis, MO 63101
Phone: (314) 231-0770
Fax: (314) 231-0990
pleritz@hennessyroach.com

**CERTIFICATE OF SERVICE**

The undersigned, being first duly sworn on oath, states that service of the above was made via the Court's E-filing system/electronic mail this 3rd day of September 2020, to:

Jonathan Jackson Pledger
Of Counsel, Waterford Law Group, PLLC
PO Box 1089
Franklin, TN 37065
jjpledger@comcast.net

Amy M. Simpkins
Law Offices of Rouse and Cary
10733 Sunset Office Drive, Suite 410
St. Louis, MO 63127
amy.simpkins@libertymutual.com

/s/ *Peter N. Leritz*