## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| STEVEN KADAR et. ux., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) |
| vs. | ) Case No.: 4:19-CV-00373-HEA |
| | ) |
| AROUBA SIDDIQUI, et al., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

## SEPARATE ANSWER OF DEFENDANT USAA CASUALTY INSURANCE COMPANY TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

**COMES NOW** Defendant USAA Casualty Insurance Company ("USAA CIC") and for its Separate Answer to Plaintiffs' Third Amended Complaint for Damages states:

## INTRODUCTION

To the extent that a response is necessary to Plaintiffs' "Introduction" Defendant USAA CIC denies each and every allegation.

## PARTIES

1. This Defendant is without sufficient information to admit or deny the allegations contained within ¶1 and therefore denies.

2. This Defendant is without sufficient information to admit or deny the allegations contained within ¶2 and therefore denies.

3. This Defendant is without sufficient information to admit or deny the allegations contained within ¶3 and therefore denies.

4. This Defendant admits ¶4.

5. This Defendant is without sufficient information to admit or deny the allegations contained within ¶5 and therefore denies.

6. This Defendant admits ¶6.

7. This Defendant admits ¶7.

8. This Defendant admits it is an insurance company and admits that it provided an automobile insurance policy covering Plaintiffs at all times relevant to this action, however, this Defendant denies each and every remaining allegation contained in ¶8.

9. This Defendant is without sufficient information to admit or deny the allegations contained within ¶9 and therefore denies.

## VENUE

10. This Defendant admits ¶10.

11. This Defendant admits ¶11.

## FACTS

12. This Defendant is without sufficient information to admit or deny the allegations contained within ¶12 and therefore denies.

13. This Defendant is without sufficient information to admit or deny the allegations contained within ¶13 and therefore denies.

14. This Defendant is without sufficient information to admit or deny the allegations contained within ¶14 and therefore denies.

15. This Defendant is without sufficient information to admit or deny the allegations contained within ¶15 and therefore denies.

16. This Defendant is without sufficient information to admit or deny the allegations contained within ¶16 and therefore denies.

17. This Defendant is without sufficient information to admit or deny the allegations contained within ¶17 and therefore denies.

18. This Defendant is without sufficient information to admit or deny the allegations contained within ¶18 and therefore denies.

19. This Defendant is without sufficient information to admit or deny the allegations contained within ¶19 and therefore denies.

20. This Defendant is without sufficient information to admit or deny the allegations contained within ¶20 and therefore denies.

21. This Defendant is without sufficient information to admit or deny the allegations contained within ¶21 and therefore denies.

22. This Defendant is without sufficient information to admit or deny the allegations contained within ¶22 and therefore denies.

23. This Defendant is without sufficient information to admit or deny the allegations contained within ¶23 and therefore denies.

24. This Defendant admits ¶24.

25. This Defendant admits ¶25.

26. This Defendant admits ¶26.

27. This Defendant denies each and every allegation contained in ¶27.

28. This Defendant is without sufficient information to admit or deny the allegations contained within ¶28 and therefore denies.

29. This Defendant denies the allegations contained in ¶29.

30. This Defendant denies the allegations contained in ¶30.

## COUNTS I, II, III, IV, V, VI AND IX

Insomuch as the allegations contained within Counts I, II, III, IV, V, VI and IX are not directed to Defendant USAA CIC then Defendant USAA CIC makes no response. Should any of the allegations be construed over and against Defendant USAA CIC then Defendant USAA CIC denies.

## COUNT VII

**COMES NOW** Defendant USAA CIC and for its Separate Answer to Count VII of Plaintiffs' Third Amended Complaint states:

56. This Defendant adopts and incorporates its responses to ¶¶1 through 30 and, to the extent necessary, then denies each and every allegation contained within ¶¶31 through 55, all in response to ¶56 of Plaintiffs' Third Amended Complaint.

57. This Defendant is without sufficient information to admit or deny the allegations contained within ¶57 and therefore denies.

58. This Defendant denies each and every allegation contained in ¶58.

**WHEREFORE**, Defendant USAA CIC having fully answered Count VII of Plaintiffs' Third Amended Complaint prays to be dismissed together with proper costs and for any further such Orders as this Honorable Court deems just and proper under the circumstances.

## COUNT VIII

**COMES NOW** Defendant USAA CIC and for its Separate Answer to Count VIII of Plaintiffs' Third Amended Complaint states:

59. This Defendant adopts and incorporates its responses to ¶¶1 through 58 in response to ¶59.

60. This Defendant admits ¶60.

61. This Defendant admits that it issued a policy of automobile insurance to Plaintiffs but since no specific policy number has been identified in its entirety nor the langauge within then Defendant USAA CIC denies each and every remaining allegation contained in ¶61.

62. This Defendant admits ¶62.

63. This Defendant admits ¶63.

64. This Defendant denies each and every allegation contained in ¶64.

65. This Defendant denies each and every allegation contained in ¶65.

66. This Defendant denies each and every allegation contained in ¶66.

67. This Defendant denies each and every allegation contained in ¶67.

68. This Defendant denies each and every allegation contained in ¶68.

**WHEREFORE**, Defendant USAA CIC having fully answered Count VIII of Plaintiffs' Third Amended Complaint prays to be dismissed together with proper costs and for any further such Orders as this Honorable Court deems just and proper under the circumstances.

## DAMAGES

**COMES NOW** Defendant USAA CIC and for its responses to the section of Plaintiffs' Third Amended Complaint which is denominated "Damages" states:

77. This Defendant denies each and every allegation contained in ¶77.

78. This Defendant denies each and every allegation contained in ¶78 including subparagraphs (a) through (f).

**WHEREFORE**, Defendant USAA CIC having fully answered Plaintiffs' Third Amended Complaint prays to be dismissed together with proper cost and for any further such Orders as this Honorable Court deems just and proper under the circumstances.

## ADDITIONAL RESPONSES AND AFFIRMATIVE DEFENSES

**COMES NOW** Defendant USAA CIC and for its Additional Responses and Affirmative Defenses states:

1. This Defendant denies each and every allegation contained within Plaintiffs' Third Amended Complaint unless expressly admitted.

2. This Defendant states that it is entitled, pursuant to Mo. Rev. Stat. §537.060, to an offset and reduction against any adverse judgment or verdict which may be rendered in this case by any amounts or consideration paid to Plaintiff by any other tortfeasor or any primary uninsured or underinsured carrier, if any.

3. That Count VIII of Plaintiffs' Third Amended Complaint fails to state a cause of action upon which relief can be granted against Defendant USAA CIC in that Plaintiffs' cause of action seeks uninsured motorist protection coverage and, based upon information and belief, both of the alleged tortfeasors, Defendant Aruba Siddiqi and Defendant David Whitman, were insured with automobile liability insurance coverage and therefore no uninsured motorist claim exists against Defendant USAA CIC.

4. That any uninsured or underinsured insurance policy benefits owed to Plaintiffs by co-defendant James River Insurance Company are primary to any uninsured or underinsured motorist insurance policy benefits owed by Defendant USAA CIC.

5. That Defendant USAA CIC adopts and incorporates all terms, conditions, endorsements, and amendments to any applicable automobile insurance policy which Plaintiffs claim to impose any obligation upon Defendant USAA CIC for the automobile accident at issue.

/s/ Robert J. Wulff
Robert J. Wulff, Bar No.: 34081MO
Evans & Dixon, L.L.C.
Attorney for Defendant USAA
211 North Broadway, Suite 2500
St. Louis, Missouri 63102
(314) 552-4054  Tel. No.
(314) 884-4454  Fax No.
rjwulff@evans-dixon.com

## CERTIFICATE OF SERVICE

I certify that on November 16, 2020 I electronically filed the above pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties/attorneys of record.

/s/ Robert J. Wulff