UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| STEVEN KADAR AND MARY KADAR, | ) ) ) | |
| Plaintiffs, | ) ) | Cause No. 19-373-HEA |
| v. | ) ) ) | |
| AROUBA SIDDIQUI and DAVID J. WHITMAN, | ) ) ) ) | |
| Defendants. | ) | |

# DEFENDANT AROUBA SIDDIQUI'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

COMES NOW Defendant Arouba Siddiqui, by and through her counsel, the Law Offices of Rouse & Cary, for her Answer to Plaintiff's Third Amended Complaint, states as follows:

## PARTIES

1. Defendant admits the allegations set forth in Paragraph 1 of the Third Amended Complaint.

2. Defendant admits the allegations set forth in Paragraph 2 of the Third Amended Complaint.

3. Defendant admits the allegations set forth in Paragraph 3 of the Third Amended Complaint.

4. Defendant admits the allegations set forth in Paragraph 4 of the Third Amended Complaint.

5. Defendant admits the allegations set forth in Paragraph 5 of the Third Amended Complaint.

6. Defendant admits the allegations set forth in Paragraph 6 of the Third Amended Complaint.

7. Defendant admits the allegations set forth in Paragraph 7 of the Third Amended Complaint.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set forth in Paragraph 8 of the Third Amended Complaint and, therefore, denies same and demands strict proof thereof.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set forth in Paragraph 9 of the Third Amended Complaint and, therefore, denies same and demands strict proof thereof.

**VENUE**

10. Defendant denies each and every allegation set forth in Paragraph 10 of the Third Amended Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of the Third Amended Complaint.

**FACTS**

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set forth in Paragraph 11 of the Third Amended Complaint and, therefore, denies same and demands strict proof thereof.

13. Defendant admits the allegations set forth in Paragraph 13 of the Third Amended Complaint.

14. Defendant admits the allegations set forth in Paragraph 14 of the Third Amended Complaint.

15. Defendant admits the allegations set forth in Paragraph 15 of the Third Amended Complaint.

16. Defendant denies each and every allegation set forth in Paragraph 16 of the Third Amended Complaint.

17. Defendant denies each and every allegation set forth in Paragraph 17 of the Third Amended Complaint.

18. Defendant denies each and every allegation set forth in Paragraph 18 of the Third Amended Complaint.

19. Defendant denies each and every allegation set forth in Paragraph 19 of the Third Amended Complaint.

20. Defendant denies each and every allegation set forth in Paragraph 20 of the Third Amended Complaint.

21. Defendant denies each and every allegation set forth in Paragraph 21 of the Third Amended Complaint.

22. Defendant denies each and every allegation set forth in Paragraph 22 of the Third Amended Complaint.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters set forth in Paragraph 23 of the Third Amended Complaint and, therefore, denies same and demands strict proof thereof.

24. Defendant admits the allegations set forth in Paragraph 24 of the Third Amended Complaint.

25. Defendant admits the allegations set forth in Paragraph 25 of the Third Amended Complaint.

26. Defendant admits the allegations set forth in Paragraph 26 of the Third Amended Complaint.

27. Defendant denies each and every allegation set forth in Paragraph 27 of the Third Amended Complaint.

28. Defendant admits the allegations set forth in Paragraph 28 of the Third Amended Complaint.

29. Defendant denies each and every allegation set forth in Paragraph 29 of the Third Amended Complaint.

30. Defendant denies each and every allegation set forth in Paragraph 30 of the Third Amended Complaint.

## COUNT I

Defendant incorporates her responses to paragraphs 1-30 as if fully set forth herein.

32. Defendant admits the allegations set forth in Count I Paragraph 32 of the Third Amended Complaint.

33. Defendant denies each and every allegation set forth in Count I Paragraph 33 of the Third Amended Complaint.

34. Defendant denies each and every allegation set forth in Paragraph 34 of the Third Amended Complaint.

## COUNT II

The allegations in this Count are not directed to this Defendant. In so much as any allegation contained herein is construed to be directed to this Defendant, she denies same.

## COUNT III

39. Defendant incorporates by reference her responses to Paragraphs 1-38 as if fully set forth herein.

40. Defendant denies each and every allegation set forth in Count III Paragraph 40 of the Third Amended Complaint.

41. Defendant admits the allegations set forth in Count III Paragraph 41 of the Third Amended Complaint.

42. Defendant denies each and every allegation set forth in Count III Paragraph 42 of the Third Amended Complaint.

43. Defendant denies each and every allegation set forth in Count III Paragraph 43 of the Third Amended Complaint.

44. Defendant denies each and every allegation set forth in Count III Paragraph 44 of the Third Amended Complaint.

### COUNT IV

The allegations in this Count are not directed to this Defendant. In so much as any allegation contained herein is construed to be directed to this Defendant, she denies same.

### COUNT V

The allegations in this Count are not directed to this Defendant. In so much as any allegation contained herein is construed to be directed to this Defendant, she denies same.

### COUNT VI

The allegations in this Count are not directed to this Defendant. In so much as any allegation contained herein is construed to be directed to this Defendant, she denies same.

### COUNT VII

56. Defendants responses by reference her responses to Paragraphs 1-55 are incorporated by referenced as if fully set forth herein.

57. Defendant admits the allegations set forth in Count VII Paragraph 57 of the Third Amended Complaint.

58. Defendant denies each and every allegation set forth in Count VII Paragraph 58 of the Third Amended Complaint.

## COUNT VIII

The allegations in this Count are not directed to this Defendant. In so much as any allegation contained herein is construed to be directed to this Defendant, she denies same.

## COUNT IX

The allegations in this Count are not directed to this Defendant. In so much as any allegation contained herein is construed to be directed to this Defendant, she denies same.

## DAMAGES

77. Defendant denies each and every allegation set forth in Paragraph 77 of the Third Amended Complaint.

78. Defendant denies each and every allegation set forth in Count III Paragraph 78 of the Third Amended Complaint.

## AFFIRMATIVE DEFENSES

1. In further answer and in affirmative defense, Defendant states that Plaintiffs fail to state a cause of action upon which relief can be granted.

2. In further answer and in affirmative defense, Defendant states that whatever injuries and damages Plaintiffs allege to have sustained were the direct and proximate result of the

negligence of Co-Defendant David Whitman in failing to obey the traffic signal and requests that the jury be instructed to allocate fault

   3. In further answer and in affirmative defense, Defendant reserves the right to supplement or amend her affirmative and other defenses and/or to add additional affirmative defenses as discovery progresses and/or to conform to the evidence.

   4. In further answer and in affirmative defense, Defendant reserves the right to request a hearing pursuant to RSMo. Section 490.715.5, to determine the value of any medical services received by plaintiffs allegedly due to the incident mentioned in the pleadings.

   5. In further answer and in affirmative defense, Defendant states that plaintiffs have failed to mitigate the damages he claims as a result of the accident that gives rise to this lawsuit.

   WHEREFORE, having fully answered the Complaint, Defendant Arouba Siddiqui prays to be hence dismissed with her proper costs.

LAW OFFICES OF ROUSE AND CARY

BY: *Amy M. Simkins*
AMY M. SIMKINS #47783
Attorneys for Defendant
10733 Sunset Office Drive, Suite 410
St. Louis, Missouri 63127
Direct Dial: (314) 288-2650
Telefax: (603) 334-7449
amy.simkins@libertymutual.com

CERTIFICATE OF SERVICE

Signature above is also certification that a true and correct copy of the foregoing document has been mailed, first class, postage prepaid, this 17th day of November, 2020 to: Jonathan Jackson Pledger, Waterford Law Group at jjpledger@comcast.net, Peter Leritz, Hennessy Roach at pleritz@hennessyroach.com and Robert Wulff, Evans and Dixon at rjwulff@evans-dixon.com