IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEVEN KADAR AND MARY KADAR, | )<br>)<br>) CASE NO. 19-373-HEA |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| AROUBA SIDDIQUI, et al. | )<br>) |
| Defendants. | )<br>)<br>)<br>) |

**DEFENDANT DAVID J. WHITMAN'S SECOND SUPPLEMENTAL
MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW Defendant, David J. Whitman, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure moves the Court for Judgment on the Pleadings. In support of this Motion, Defendant states:

1. Plaintiffs bring suit against Defendant Whitman and Co-Defendants Arouba Siddiqui, United Services Automobile Association (USAA) and James River Insurance Company for injuries sustained in an automobile collision between Defendants Whitman and Siddiqui at a St. Louis County intersection on September 3, 2016. In their Third Amended Complaint, Plaintiffs allege that Defendant Whitman was traveling through the intersection with a green light while Defendant Siddiqui traveled through a red light. Accordingly, Defendant Whitman is entitled to a Judgment on the Pleadings under Rule 12(c) and should be dismissed.

2. Pursuant to Rule 12(c), a Judgment on the Pleadings is appropriate after the pleadings are closed. The pleadings are "closed" for purposes of Rule 12(c) "once a complaint and answer have been filed". Doe v. United States, 419 F 3d 1058, 1061 (9th Cir. 2005). Defendant

1

Whitman filed his Answer to Plaintiffs' Third Amended Complaint on November 18, 2020. Accordingly, the pleadings are closed for purposes of Rule 12(c).

    3.    In ruling on a Judgment on the Pleadings under Rule 12(c), the Court applies the same standard as that applied to a 12(b)(6) Motion to Dismiss. NCMIC Insurance Company v. Blalock, 2005 WL 1926233 (E.D. Mo. 2005). That is, the Court grants the motion if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations in the pleadings. Id., citing Handeen v. Lemair, 112 F 3d 1339, 1347 (8th Cir. 1997). The Court assumes "that well pleaded factual allegations in the Complaint are true and construes the Complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." Id., citing Westcott v. City of Omaha, 901 F 2d 1486, 1488 (8th Cir. 1990). The Court may grant Judgment on the Pleadings if it appears beyond doubt that the non-moving party can prove no set of facts entitling it to relief. Id. The Court accepts as true all facts pleaded by the non-moving party and grants all reasonable inferences from the pleadings in favor of the non-moving party. Id., citing United States v. Any and All Radio Station Transmission Equipment, 207 F 3d 458, 462 (8th Cir. 2000).

    4.    In the case of Schnucks Markets, Inc. v. First Data Merchant Data Services, Corp., 86 F. Supp. 3d 1055, 1058-59 (E.D. Mo. 2015), Judge John A. Ross quoted Federal Practice and Procedures, stating "a Rule 12(c) Motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the District Court will take judicial notice." Id., and cases cited therein.

5. Based on the forgoing, this Motion for Judgment on the pleadings can be determined solely by analyzing Plaintiffs' Third Amended Complaint. In their Third Amended Complaint, Plaintiffs allege that Steven Kadar was injured on September 3, 2016 while riding as a passenger in a car being driven by Defendant Whitman. Defendant Siddiqui was traveling north on Brentwood Boulevard through its intersection with South Outer Road and collided with the automobile being driven by Defendant Whitman.

6. Plaintiffs allege at Paragraph 16 of their Third Amended Complaint that Defendant Whitman was "stopped at a red light at the intersection of Brentwood Boulevard and South Outer Road" waiting to turn left and enter eastbound Interstate 64. "When Mr. Whitman's light turned green, Mr. Whitman proceeded to make a left-hand turn". Id.

7. Plaintiffs allege at Paragraph 18 of their Third Amended Complaint that Defendant Siddiqui, while traveling north on Brentwood, proceeded into the intersection and collided with Defendant Whitman's vehicle. Plaintiffs allege at Paragraph 19 that Defendant Siddiqui "had a red light and proceeded into the intersection in violation of Missouri law".

8. At Paragraph 33(d) of their Third Amended Complaint, Plaintiffs allege that Defendant Siddiqui failed to yield to traffic and ran a red light. At Paragraph 40 of their Third Amended Complaint, Plaintiffs allege that Defendant Siddiqui violated Missouri law by running a red light.

9. Plaintiffs do not allege anywhere in their Third Amended Complaint that Defendant Whitman ran a red light or that Defendant Siddiqui had a green light.

10. Taking all of the allegations in Plaintiffs' Third Amended Complaint as true, as required under Rule 12(c), it is inescapable that Defendant Whitman was properly proceeding on a green light through the intersection while Defendant Siddiqui was improperly running a red light when the collision occurred. Defendant Siddiqui is therefore solely liable for the collision and for

3

Plaintiffs' resulting damages based on the allegations set out in Plaintiffs' Third Amended Complaint. There is no set of facts under which Defendant Whitman can be found liable for the collision described in Plaintiffs' Third Amended Complaint, and Defendant Whitman is entitled to Judgment on the Pleadings.

WHEREFORE, for the reasons set out above, Defendant David J. Whitman respectfully requests the Court to grant this Motion, to enter Judgment on the Pleadings in favor of Defendant David J. Whitman and against Plaintiffs, to be dismissed, for costs, and for all further appropriate relief.

Respectfully submitted,

**HENNESSY & ROACH, P.C.**

*/s/ Peter N. Leritz*
Peter N. Leritz, #43345
415 North 10th Street, Suite 200
St. Louis, MO 63101
Phone: (314) 231-0770
Fax: (314) 231-0990
pleritz@hennessyroach.com

**CERTIFICATE OF SERVICE**

The undersigned, being first duly sworn on oath, states that service of the above was made via the Court's E-filing system/electronic mail this 18th day of November 2020, to:

Jonathan Jackson Pledger
Of Counsel, Waterford Law Group, PLLC
PO Box 1089
Franklin, TN 37065
jjpledger@comcast.net

Amy M. Simpkins
Law Offices of Rouse and Cary
10733 Sunset Office Drive, Suite 410
St. Louis, MO 63127
amy.simpkins@libertymutual.com

*/s/ Peter N. Leritz*