# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEVEN KADAR AND MARY KADAR, | ) ) ) |
| Plaintiff, | ) ) |
| V. | ) CASE NO.: 19-373 ) ) |
| AROUBA SIDDIQUI, and DAVID J. WHITMAN, | ) ) ) |
| And | ) ) |
| USAA CASUALTY INSURANCE COMPANY | ) ) ) |
| And | ) ) |
| JAMES RIVER INSURANCE COMPANY | ) ) |

## PLAINTIFFS' RESPONSE TO DEFENDANT DAVID J. WHITMAN'S SECOND SUPPLEMENTAL MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW, Plaintiffs, Steven Kadar and Mary Kadar, by and through their undersigned counsel, Jonathan Jackson Pledger, and files this Response to Defendant David J. Whitman's Motion for Judgment on the Pleadings. In response, Plaintiffs state:

1. Defendant Whitman set forth the requirements related to Rule 12(c) of the Federal Rules of Procedure.

2. Plaintiffs are entitled to relief based on the allegations of Plaintiffs' Complaint.

3. Plaintiffs allege that Plaintiff Steven Kadar was a passenger in Defendant Whitman's vehicle and was injured as a result of a collision between Defendant Whitman and Defendant Siddiqui's vehicles.

1

4. While Defendant Whitman addresses the basic allegations of Plaintiffs' Complaint, the allegations relied on by Defendant Whitman were not presented completely in his Motion.

5. In paragraph 14 of the Complaint, Plaintiffs allege "Upon information and belief, Mr. Whitman stopped at a red light at the intersection of Brentwood Boulevard and South Outer Road, where Mr. Whitman intended to make a left-hand turn onto Outer Road. Further upon information and belief, when Mr. Whitman's light turned green, Mr. Whitman proceeded to make a left-hand turn onto South Outer Road across the northbound traffic of Brentwood Boulevard." Id.

6. In paragraph 16 of the Complaint, Plaintiffs allege that "Upon information and belief, Defendant Arouba Siddiqui…was travelling northbound on Brentwood Boulevard. Upon information and belief, Defendant Arouba Siddiqui proceeded into the intersection at Brentwood Boulevard and South Outer Road and there collided with Defendant Whitman's vehicle in which Mr. Kadar was a passenger." Id.

7. In paragraph 17 of the Complaint, Plaintiffs allege that "Upon information and belief, Defendant Arouba Siddiqui had a red light and proceeded into the intersection…" Id.

8. As a result of the collision between Defendant Whitman and Defendant Siddiqui's vehicles, Mr. Whitman's vehicle flipped as a result of the impact and Mr. Kadar was severely injured including a loss of conscientiousness, a traumatic brain injury with subarachnoid hemorrhage and left temporal bone fracture with a small amount of left-sided pneumocephalus. Complaint paragraph 18.

9. In paragraph 35 of the Complaint, Plaintiffs' allege that Defendant Whitman owed Plaintiff Seven Kadar a duty of reasonable care. Id. Further Plaintiffs allege that

Defendant Whitman breached this duty of reasonable care by 1) failure to notice and avoid the collision with Defendant Arouba Siddiqui, 2) failure to maintain a proper lookout in the direction in which he was travelling, 3) failure to see that which was there to be seen and to react reasonably under the circumstances and 4) failed to obey all traffic laws.  Id.

10. Plaintiffs alleged the facts leading up to the collision involved in this case "upon information and belief."  Plaintiff Kadar lost consciousness and suffered a traumatic brain injury as a result of the collision.  The allegations regarding which driver had the red light and which had the green light is not the only basis for liability.  Plaintiffs alleged that Defendant Whitman breached his duty of reasonable care.  The duty of reasonable care was owed to Plaintiff Steven Kadar regardless of which driver had the green light and which driver had the red light.

11. Plaintiffs allege that Plaintiff Steven Kadar was injured as a result of a collision of the two vehicles driven by Defendant Whitman and Defendant Siddiqui while he was a passenger in Defendant Whitman's vehicle.  Plaintiff Kadar was injured as a result of the actions of both Defendant Whitman and Defendant Siddiqui.  Contrary to Defendant Whitman's statement in paragraph 10 of his Motion, nowhere in Plaintiffs' Complaint do Plaintiffs allege that "Defendant Whitman was properly proceeding on a green light thought the intersection…"

WHEREFORE, for the reasons set forth above, Plaintiffs request the Court to deny Defendant David Whitman's Motion for Judgement on the Pleadings.

Respectfully submitted this 2nd day of December, 2020.

s/ Jonathan Jackson Pledger<br>
Jonathan Jackson Pledger<br>
Of Counsel, Waterford Law Group<br>
*Pro Hac Vice*<br>
Tennessee Bar: 021922<br>
P.O. Box 1089<br>
Franklin, Tennessee 37065<br>
Telephone: 615-373-2500<br>
Facsimile: 615-82302937<br>
jpledger@waterfordlaw.com<br>
*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Notice of Nonsuit was served upon Peter N. Leritz, Attorney for David J. Whitman, 415 North 10th Street, Suite 200, St. Louis, MO 63101, via email at pleritz@hennessyroach.com, Amy M. Simkins, Attorney for Arouba Siddiqui, 10733 Sunset Office Drive, Suite 410, St. Louis, MO 63127, and via e-mail at amy.simkins@libertymutual.com and Robert J. Wulff, attorney for Defendant USAA, 211 North Broadway, Suite 2500, St. Louis, MO 63102 and e-mail at rjwulff@evans-dixon.com on this 2nd day of December, 2020.

s/ Jonathan Jackson Pledger<br>
Jonathan Jackson Pledger

4