UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| STEVEN KADAR and MARY KADAR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00373-HEA |
| | ) | |
| AROUBA SIDDIQUI, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANT JAMES RIVER INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT</u>**

COMES NOW Defendant James River Insurance Company ("Defendant"), by and through the undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint, states to the Court as follows:

ANSWER TO PLAINTIFFS' INTRODUCTION

Defendant denies each and every allegation contained in the "Introduction" of Plaintiffs' Third Amended Complaint ("Complaint").

ANSWER

1. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 1 of Plaintiffs' Complaint and, therefore, denies the same.

2. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 2 of Plaintiffs' Complaint and, therefore, denies the same.

3. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 3 of Plaintiffs' Complaint and, therefore, denies the same.

4. Admitted

5. Denied.

6. Admitted.

7. Admitted.

8. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 3 of Plaintiffs' Complaint and, therefore, denies the same.

9. Defendant admits that it is an insurance company with its principal place of business in Virginia and can be served through the Missouri Department of Insurance. Other than these specific admissions, Defendant denies the allegations of Paragraph 9 of Plaintiffs' Complaint.

10. Defendant admits that jurisdiction and venue are proper in this Court. Other than these specific admissions, Defendant denies the allegations of Paragraph 10 of Plaintiffs' Complaint.

11. Defendant admits that jurisdiction and venue are proper in this Court. Other than these specific admissions, Defendant denies the allegations of Paragraph 11 of Plaintiffs' Complaint.

12. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 12 of Plaintiffs' Complaint and, therefore, denies the same.

13. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 13 of Plaintiffs' Complaint and, therefore, denies the same.

14. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 14 of Plaintiffs' Complaint and, therefore, denies the same.

15. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 15 of Plaintiffs' Complaint and, therefore, denies the same.

16. Denied.

1839293 v1

17. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 17 of Plaintiffs' Complaint and, therefore, denies the same.

18. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 18 of Plaintiffs' Complaint and, therefore, denies the same.

19. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 19 of Plaintiffs' Complaint and, therefore, denies the same.

20. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 20 of Plaintiffs' Complaint and, therefore, denies the same.

21. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 21 of Plaintiffs' Complaint and, therefore, denies the same.

22. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 22 of Plaintiffs' Complaint and, therefore, denies the same.

23. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 23 of Plaintiffs' Complaint and, therefore, denies the same.

24. Admitted.

25. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 25 of Plaintiffs' Complaint and, therefore, denies the same.

26. Admitted.

27. Denied.

28. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 28 of Plaintiffs' Complaint and, therefore, denies the same.

29. Denied.

30. Denied.

1839293 v1

ANSWER TO COUNT I (NEGLIGENCE) – AROUBA SIDDIQUI

31. Defendant hereby re-alleges and incorporates herein by this reference each of its answers to Paragraphs 1 through 30 as if fully set forth in herein as the answer to Paragraph 31 of Plaintiffs' Complaint.

32-34. This Count of Plaintiffs' Complaint alleges no claim against Defendant; therefore, no answer to this Count is required of it. To the extent any allegation(s) of this Count could be construed as being directed toward or against Defendant, Defendant denies each and every allegation of Paragraphs 32 through 34, including all subparagraphs thereof.

ANSWER TO COUNT II (NEGLIGENCE) – DAVID J. WHITMAN

35. Defendant hereby re-alleges and incorporates herein by this reference each of its answers to Paragraphs 1 through 34 as if fully set forth in herein as the answer to Paragraph 35 of Plaintiffs' Complaint.

36-38. This Count of Plaintiffs' Complaint alleges no claim against Defendant; therefore, no answer to this Count is required of it. To the extent any allegation(s) of this Count could be construed as being directed toward or against Defendant, Defendant denies each and every allegation of Paragraphs 36 through 38, including all subparagraphs thereof.

ANSWER TO COUNT III (NEGLIGENCE *PER SE*) – AROUBA SIDDIQUI

39. Defendant hereby re-alleges and incorporates herein by this reference each of its answers to Paragraphs 1 through 38 as if fully set forth in herein as the answer to Paragraph 39 of Plaintiffs' Complaint.

40-44. This Count of Plaintiffs' Complaint alleges no claim against Defendant; therefore, no answer to this Count is required of it. To the extent any allegation(s) of this Count could be

construed as being directed toward or against Defendant, Defendant denies each and every allegation of Paragraphs 40 through 44, including all subparagraphs thereof.

ANSWER TO COUNT IV (NEGLIGENCE PER SE) – DAVID J. WHITMAN

45. Defendant hereby re-alleges and incorporates herein by this reference each of its answers to Paragraphs 1 through 44 as if fully set forth in herein as the answer to Paragraph 45 of Plaintiffs' Complaint.

46-49. This Count of Plaintiffs' Complaint alleges no claim against Defendant; therefore, no answer to this Count is required of it. To the extent any allegation(s) of this Count could be construed as being directed toward or against Defendant, Defendant denies each and every allegation of Paragraphs 46 through 49, including all subparagraphs thereof.

ANSWER TO COUNT V (VICARIOUS LIABILITY) – ALEEMUDDIN SIDDIQUI

50. Defendant hereby re-alleges and incorporates herein by this reference each of its answers to Paragraphs 1 through 49 as if fully set forth in herein as the answer to Paragraph 50 of Plaintiffs' Complaint.

51-52. This Count of Plaintiffs' Complaint alleges no claim against Defendant; therefore, no answer to this Count is required of it. To the extent any allegation(s) of this Count could be construed as being directed toward or against Defendant, Defendant denies each and every allegation of Paragraphs 51 through 52, including all subparagraphs thereof.

ANSWER TO COUNT VI (RESPONDEAT SUPERIOR) – DEFENDANT UBER TECHNOLOGIES, INC. AND DEFENDANT RASIER, LLC

53. Defendant hereby re-alleges and incorporates herein by this reference each of its answers to Paragraphs 1 through 52 as if fully set forth in herein as the answer to Paragraph 53 of Plaintiffs' Complaint.

1839293 v1

54-55. This Count of Plaintiffs' Complaint alleges no claim against Defendant; therefore, no answer to this Count is required of it. To the extent any allegation(s) of this Count could be construed as being directed toward or against Defendant, Defendant denies each and every allegation of Paragraphs 54 through 55, including all subparagraphs thereof.

ANSWER TO COUNT VII (LOSS OF CONSORTIUM)

56. Defendant hereby re-alleges and incorporates herein by this reference each of its answers to Paragraphs 1 through 55 as if fully set forth in herein as the answer to Paragraph 50 of Plaintiffs' Complaint.

57. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 57 of Plaintiffs' Complaint and, therefore, denies the same.

58. Denied.

ANSWER TO COUNT VIII (BREACH OF
UNINSURED MOTORIST INSURANCE CONTRACT)

59. Defendant hereby re-alleges and incorporates herein by this reference each of its answers to Paragraphs 1 through 58 as if fully set forth in herein as the answer to Paragraph 45 of Plaintiffs' Complaint.

59-68. This Count of Plaintiffs' Complaint alleges no claim against Defendant; therefore, no answer to this Count is required of it. To the extent any allegation(s) of this Count could be construed as being directed toward or against Defendant, Defendant denies each and every allegation of Paragraphs 59 through 68, including all subparagraphs thereof.

ANSWER TO COUNT IX (BREACH OF
UNINSURED MOTORIST INSURANCE CONTRACT)

1839293 v1

69. Defendant hereby re-alleges and incorporates herein by this reference each of its answers to Paragraphs 1 through 68 as if fully set forth in herein as the answer to Paragraph 69 of Plaintiffs' Complaint.

70. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 70 of Plaintiffs' Complaint and, therefore, denies the same.

71. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 71 of Plaintiffs' Complaint and, therefore, denies the same.

72. Defendant lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 72 of Plaintiffs' Complaint and, therefore, denies the same.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

## ANSWER TO "DAMAGES"

77. Denied.

78. Including all subparts, Denied.

WHEREFORE, Defendant James River Insurance Company prays for Judgment in its favor and against Plaintiffs on all claims in Plaintiffs' Complaint and/or dismissal of Plaintiffs' Complaint with prejudice, together with Defendant's costs incurred herein and any such other and further relief as the Court deems just and proper under the circumstances.

1839293 v1

# AFFIRMATIVE DEFENSES

1. If Plaintiffs suffered any injury or damage, which Defendant specifically denies, any such injury or damage was directly caused, in whole or in part, by the negligent acts, omissions, or fault of Plaintiffs other defendants, and they are therefore barred from recovery from Defendant or, in the alternative, the amount of any recovery by Plaintiffs against Defendant must be reduced in proportion to such fault (i.e. comparative fault). More specifically, the finder of fact should assess a percentages of fault between Plaintiff Steven Kadar and the other motorist involved in the accident, including defendants Siddiqui and Whitman, the then determine what, if any, coverage is afforded to Plaintiffs.

2. Defendant is entitled to a reduction of any judgment against it by any amount(s) paid to any Plaintiff by settling tortfeasors pursuant to the Doctrine of Satisfaction and the provisions of § 537.060 R.S.Mo.

3. If any damages were sustained by Plaintiffs, which is specifically denied, any damages caused by anyone or anything other than an underinsuered motorist as defined by Defendant's policy cannot be recovered from Defendant.

4. Despite the opportunity to do so, Plaintiffs have failed to mitigate their alleged damages. Accordingly, any award of damages should be reduced by the amount of damages that would have been avoided had reasonable efforts to mitigate damages been made.

5. Coverage under Defendant's insurance policy, if any, is to be reduced or setoff by any and all payments by other tortfeasors, as well as any other insurance coverage available to Plaintiffs, including without limitation, coverage from any tortfeasor, any other insurance and/or excess insurance, the USAA underinsured motorist policy, and any medical payments coverage.

1839293 v1

6. If any tortfeasor has been released from liability such that there is no underinsured motorist, any claim against Defendant is barred thereby.

7. To the extent the incident, accident, and/or injuries alleged by Plaintiffs come within the scope the Missouri Workers' Compensation Law, Chapter 287 R.S.Mo., Plaintiffs' causes of action in this case are barred thereby.

8. Coverage under Defendant's insurance policy, if any, arises only from the terms and conditions of the policy itself, which is attached hereto as <u>Exhibit A</u> and incorporated herein by this reference (the "Policy"), including all restrictions, limitations, and exclusions set forth therein, including without limitation those set forth in Parts A, B, C, D, E, and F of the Missouri Underinsured Motorists Coverage portion of the Policy.

9. To the extent the conditions precedent of set forth in Part A of the Missouri Underinsured Motorists Coverage portion of the Policy have not been met, Plaintiffs actions against Defendant are barred.

10. As this is an action in contract, no punitive or exemplary damages are recoverable. Moreover, such damages are excluded by Part C of the Missouri Underinsured Motorists Coverage portion of the Policy.

11. To the extent Plaintiffs failed to provide Defendant with prompt notice of the accident, their claim, any tentative settlement with any tortfeasor, and/or any other notice required by the Policy, Plaintiffs' actions against Defendant are barred.

1839293 v1

Respectfully submitted,

**FOLEY & MANSFIELD, PLLP**

By: */s/ John G. Beseau*
John G. Beseau, #56704
jbeseau@foleymansfield.com
William S. Clark, # 69040
wclark@foleymansfield.com
101 South Hanley Road, Suite 600
St. Louis, Missouri 63105
(314) 925-5564
(314) 925-5701 (facsimile)

*Attorneys for Defendant James River Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system on this 10th day of December 2020. The foregoing document is available for viewing and downloading from the CM/ECF system and was served upon all counsel of record via the CM/ECF system.

*/s/ John G. Beseau*