# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

**STEVEN KADAR and MARY KADAR,**  )
)
    **Plaintiffs,**  )
)
vs.  )  Case No: 4:19CV373 HEA
)
**AROUBA SIDDIQUI, et al.,**  )
)
    **Defendants.**  )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant David J. Whitman's Second Supplemental Motion for Judgment on the Pleadings, [Doc. No. 95]. Plaintiffs oppose the Motion. For the reasons set forth below, the Motion is denied.

## Facts and Background[1]

Plaintiffs filed this diversity action for damages allegedly sustained when Plaintiff Steven Kadar was injured while he was a passenger in a motor vehicle driven by Defendant Whitman. Plaintiffs Third Amended Complaint alleges the following:

---

[1] The recitation of facts is taken from the Third Amended Complaint and is set forth for the purposes of this motion only. It in no way relieves the parties of the necessary proof to the facts in later proceedings.

Prior to September 3, 2016, Plaintiff Steven Kadar worked in the music industry. Kadar worked for artists such as Scotty McCreery. Essential to his work was his talent and ability to hear notes of particular instruments including the drum and guitar.

Steven Kadar is married to Plaintiff Mary Kadar. Plaintiffs live in Franklin, Tennessee.

On September 3, 2016, Steven was in St. Louis County, Missouri as part of a tour with Scotty McCreery. During the afternoon of September 3, 2016, he and other band members had a day off. Steven and three other band members also a part of the same tour scheduled an Uber ride to the St. Louis Zoo. Steven and his three colleagues got a ride to the St. Louis Zoo through and from Uber Technologies, Inc. and/or Rasier, LLC. The driver of the Uber ride was Defendant David J. Whitman.

At approximately 2:03 P.M. on September 3, 2016, Defendant Whitman while acting in his employment with Uber Technologies, Inc. and/or Rasier, LLC was driving Steven and the three other band members to the St. Louis Zoo. At said date and time, upon information and belief, Mr. Whitman was travelling southbound on Brentwood Boulevard, Richmond Heights, St. Louis County, Missouri. Upon information and belief, Whitman stopped at a red light at the

intersection of Brentwood Boulevard and South Outer Road, where Whitman intended to make a left-hand turn onto South Outer Road. Further, upon information and belief, when Whitman's light turned green, Whitman proceeded to make a left-hand turn onto South Outer Road across the northbound traffic of Brentwood Boulevard.

Upon information and belief, at approximately 2:03 P.M., September 3, 3016, Defendant Arouba Siddiqui, a minor, was operating a vehicle, a 2010 Nissan Altima, owned by Aleemuddin Siddiqui, believed to be Defendant Arouba Siddiqui's father.

Upon information and belief, at the said date and time, Defendant Siddiqui, while operating the said 2010 Nissan Altima, was travelling northbound on Brentwood Boulevard, Richmond Heights, St. Louis County, Missouri. Upon information and belief, Defendant Siddiqui proceeded into the intersection at Brentwood Boulevard and South Outer Road and there collided with Defendant Whitman's vehicle in which Steven was a passenger.

Upon information and belief, Defendant Siddiqui had a red light and proceeded into the intersection in violation of Missouri law, including § 304.281. As a result of the collision between Defendants Whitman and Siddiqui's vehicles, the car in which Steven was a passenger was flipped upside down. The

impact of the collision caused Steven to lose conscientiousness and remained unconscious for approximately forty-five (45) minutes. As a result of the collision, Steven suffered serious injuries, including a traumatic brain injury with traumatic subarachnoid hemorrhage and a left temporal bone fracture with a small amount of left-sided pneumocephalus.

Following the accident, Steven was transported to Mercy Hospital where he was treated for his injuries. Following his release from the hospital on September 6, 2016, Steven was taken to his parents' home in Monroe, Louisiana where he remained for two weeks. After two weeks at his parents' home, Steven's mother took Steven and Mary Kadar back to Franklin, Tennessee, where she remained for one week to help care for Steven. Steven remained in Franklin, Tennessee where he has continued to receive treatment for the injuries he received.  Steven continues to undergo medical treatment for the injuries he sustained as a result of the collision.

Steven was unable to rejoin Scotty McCreery's tour a week after the incident due to the injuries he sustained in the collision. He has been unable to return to a job within the music industry as a result of the damage to his hearing.

At all times prior to the incident while Steven was a passenger in Defendant Whitman's vehicle, Steven was acting in an appropriate manner. He did not contribute to the accident in any way.

As a passenger in Whitman's vehicle, Whitman owed Steven a duty of care to operate the vehicle in a reasonably prudent manner, to drive in a safe manner and to obey all traffic laws. Whitman had a duty to ensure that he could safely make a left-hand turn onto South Outer Road.

At all times relevant to this matter, Defendant Siddiqui owed Steven a standard of care, including to operate her vehicle in a reasonably prudent manner, to drive in a safe manner and to obey all traffic laws.

Both Defendants Whitman and Siddiqui violated the duties owed to Steven. He did nothing to cause or contribute to the collision between Defendants Whitman and Siddiqui.

Plaintiff Steven brings negligence and negligence per se claims against Defendants Siddiqui and Whitman and breach of uninsured motorist contracts against Defendant insurance companies. Mary brings claims of loss of consortium claim.

Defendant Whitman moves for judgment on the pleadings based on the allegations against Defendant Siddiqui. Defendant claims that since the Third Amended Complaint alleges Siddiqui ran the red light, there can be no action against him.

**Discussion**

A party may move for judgment on the pleadings after the pleadings have closed. Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion, courts apply the same legal standard used for a motion to dismiss under Rule 12(b)(6). *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). A pleading must state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard and to survive a Rule 12(b)(6) motion, a complaint need only state factual allegations sufficient to raise a right to relief above the speculative level that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Courts deciding a Rule 12(c) motion are required to accept as true the complaint's well-pled allegations and must resolve all inferences in the plaintiff's favor. *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). However, this tenet does not apply to legal conclusions, "formulaic recitation of the elements of a cause of action," or naked assertions which are so indeterminate as to require further factual enhancement. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

When considering a motion for judgment on the pleadings, courts must generally ignore all materials outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). However, courts may consider "some materials that are part of the public record or do not contradict the complaint ... as well as materials that are necessarily embraced by the pleadings." *Id.* (internal quotation marks omitted).

"A motorist has a duty to stop, swerve, slacken speed or sound a warning when he or she knows or by the exercise of the highest degree of care could have known that there is a reasonable likelihood of collision in sufficient time to take such preventive measures." *McHaffie v. Bunch,* 891 S.W.2d 822, 828 (Mo.banc 1995). "If reasonable people could disagree as to when a driver knew or could have known of a reasonable likelihood of collision, the question of when the duty arises to take evasive action is for the jury. *Id.* There is a duty for a driver to keep a careful lookout for approaching vehicles with sufficient care to appreciate and apprehend the danger of going on without taking precautionary measures. *Id.*" *Vintila v. Drassen*, 52 S.W.3d 28, 40–41 (Mo. Ct. App. 2001).

The Third Amended Complaint alleges as a passenger in Whitman's vehicle, Whitman owed Steven a duty of care to operate the vehicle in a reasonably prudent manner, to drive in a safe manner and to obey all traffic laws. Whitman had a duty to ensure that he could safely make a left-hand turn onto South Outer Road.

Plaintiffs further allege Whitman breached the duty of care by failing to avoid the collision.

Under the appropriate standard of review, Plaintiffs have alleged a plausible claim for relief. Plaintiffs support their claims with sufficient facts to apprise Defendant Whitman of the claim against him. They allege a duty of care to Steven, a breach of that duty and damages as a result. *McHaffie,* 891 S.W.2d at 828; *Vintila*, 52 S.W.3d at 40–41.

## Conclusion

Based upon the foregoing analysis, judgment on the pleadings in favor of Defendant Whitman is not appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Whitman's Second Supplemental Motion for Judgment on the Pleadings, [Doc. No. 95], is denied.

Dated this 19th day of January, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE